IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATANZA B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 6353 |
| v. | ) |
| | ) Magistrate Judge |
| COMMISSIONER OF SOCIAL SECURITY, | ) Maria Valdez |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Latanza H.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is granted, and the Commissioner's motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 29, 2021, Plaintiff filed applications for DIB and SSI, alleging disability since November 1, 2019 due to anxiety, depression, and ADHD. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 7, 2022. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 25, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 1, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: generalized anxiety disorder; major depressive disorder; and attention deficit hyperactivity disorder. The ALJ concluded at step three that her impairments,

alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: simple, routine, and repetitive tasks performed in a work environment free of fast-paced production and involving only simple, work-related decisions and few, if any, workplace changes; no interaction with the public; brief and superficial interaction with co-workers and supervisors; and no tandem work.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a data entry clerk. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe

impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because he improperly evaluated the medical opinions, and thus the RFC determination was not supported by substantial evidence.

Treating psychiatrist Dr. Alexandra Dyer found Plaintiff was markedly limited in many areas, including her ability to sequence multi-step activities; to use reason and judgment to make work-related decisions; to work at an appropriate and consistent pace or complete tasks in a timely manner; to avoid distractions; to work closely with others; and to adapt to changes. State agency psychologist Howard Tin, Psy.D., believed that Plaintiff's disability claims were not consistent with her activities of daily living and other medical evidence, but he noted Plaintiff significant difficulties with concentration and persistence and limited Plaintiff to

6

performing one- and two-step tasks, without interaction with the general public. In her opinion at the reconsideration level, state agency psychologist Gayle Williamson, Psy.D., agreed that Plaintiff "retains the mental capacity to understand, remember and concentrate sufficiently in order to carry out one or two-step instructions for a normal work period." (R. 105.)

The ALJ found the consultants' conclusion that Plaintiff is limited to one- or two-step instructions to be only "partially persuasive," finding it was "not supported by the longitudinal record." (R. 32.) Specifically, he believed that the limitation was inconsistent with certain normal findings in neuropsychological tests and Plaintiff's activities of daily living, including making simple meals, doing housework, using public transportation, shopping, using a computer, managing her finances, spending time with her family, and attending Christian meetings. Similarly, the ALJ found Dr. Dyer's opinion to be unpersuasive because, other than seven months of intensive outpatient treatment, Plaintiff had received only what the ALJ considered to be conservative medication management and therapy.

The Court agrees with Plaintiff that the ALJ's RFC determination was not based on substantial evidence. He gave no reasoned basis for disregarding the conclusions of all three medical experts in the record that Plaintiff was limited to one- and two-step tasks. The state agency consultants were well aware of Plaintiff's activities of daily living, even finding that they suggest Plaintiff's symptoms were not as disabling as she claimed, but the consultants nevertheless restricted her to one- and two-step tasks. Furthermore, the ALJ did not reckon with Plaintiff's

7

statements that although she can perform daily activities, she sometimes cannot complete them or has difficulty due to feeling depressed or overwhelmed. He therefore failed to show that the record evidence supports Plaintiff's ability to perform more complex tasks in a work environment. *Jeske v. Saul*, 955 F.3d 583, 592 (7th Cir. 2020). The error was not harmless and requires remand, as the ALJ did not pose a hypothetical to the VE limiting a person to one- and two-step instructions.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is granted, and the Commissioner's motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:** **June 8, 2023**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

8